1  **MICHAEL G. DAWE, SBN 94987**
2  **BRIAN D. CRONIN, SBN 317209**
   **Of Counsel to**
3  **BORCHARD & CALLAHAN**
   **michaelgdawe@icloud.com**
4  **25909 Pala, Suite 300**
   **Mission Viejo, CA 92691**
5  **Phone No.: (657) 622-3276**
   **Fax No.: (949) 457-1666**

6  Attorneys for Plaintiff

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11 PACIFIC BAY MASONRY, INC., a          Case No.
   California corporation,
12                                        **COMPLAINT FOR**
            Plaintiff,
13                                        **1. DECLARATORY RELIEF;**
        v.                                **2. BREACH OF CONTRACT;**
14                                        **3. TORTIOUS BREACH OF**
   NAVIGATORS SPECIALTY                   **CONTRACT; AND**
15 INSURANCE COMPANY, a New               **4. VIOLATION OF BUSINESS AND**
   York corporation; and DOES 1 through   **PROFESSIONS CODE § 17200**
16 10, inclusive,

17          Defendants.                   **DEMAND FOR JURY TRIAL**

18

19

20

21      Plaintiff alleges as follows:

22                          **PARTIES**

23      1.    Plaintiff PACIFIC BAY MASONRY, INC. ("Pacific Bay") is a

24 California corporation with its principal place of business in San Jose, California.

25      2.    Defendant NAVIGATORS SPECIALTY INSURANCE COMPANY

26 ("Navigators") is a business entity of unknown form alleged on information and belief

27 to be domiciled in the State of New York. Navigators is alleged on information and

28

─────────────────────────────────
                    COMPLAINT

belief to be engaged in the business of issuing insurance coverage throughout the United States.

3.      Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Pacific Bay. When their true names and capacities are ascertained, Pacific Bay will amend this complaint by inserting such true names and capacities herein. Pacific Bay is informed and believes and thereon allege that each of the fictitiously-named Defendants is the agent and/or employee of each other Defendant.

## JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because: (1) Pacific Bay is a California corporation doing business in California, and Navigators is alleged on information and belief to be a corporation which is neither incorporated in the State of California nor has its principal place of business in the State of California; and (2) the amount in controversy exceeds seventy five thousand dollars ($75,000.000) exclusive of interests and costs.

6.      Venue is alleged in this San Jose Division of the Northern District pursuant to 28 U.S.C. § 1391(b) based on the fact that a substantial part of the events or omissions giving rise to the claim occurred in San Jose.

## GENERAL ALLEGATIONS

4.      Navigators issued a series of insurance policies covering Pacific Bay for general liability risks from July 11, 2008, through June 15, 2016 (collectively, "the Navigators Policy").

5.      A copy of one of that series of insurance policies, covering the period of June 15, 2015 through June 15, 2016 is appended hereto and incorporated herein by this reference as **Exhibit 1**. Pacific Bay is informed and believes that Exhibit 1 constitutes a true and accurate copy of the Navigators Policy covering Pacific Bay as an insured for the referenced time period.

6.     The insurance coverage agreement ("Coverage Agreement") between Navigators and Pacific Bay was reflected in the following paragraph of the Navigators Policy:

> We will pay those sums that the insured becomes legally begin to pay as damages because of… "Property damage" which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

7.     The term "occurrence" employed in the above-quoted coverage agreement was defined in the Navigators Policy as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions/

8.     The term "property damage" employed in the above quoted provision of the Navigators Policy was defined as:

> "Property damage" means… [p]hysical injury to tangible property including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or…[l]oss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

9.     In addition to the coverage expressly provided in the Coverage Agreement the Navigators Policy, the Navigators Policy also provides Pacific Bay coverage for "insured contracts" as defined by the policy. As defined by the Navigators Policy an "insured contract" includes:

> That part of any other contract or agreement pertaining to your business… under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

10.     A liability claim was made against Pacific Bay on behalf of the third-party claimant Deacon Corp., a California corporation ("Deacon")[1] in or about December, 2017 when Deacon initiated litigation in the form of a cross-complaint seeking to obtain a money judgment against Pacific Bay because of "property damage" to which the Navigators Policy applies (the "Litigation").

11.     In addition to seeking money damages against Pacific Bay because of alleged "property damage" allegedly caused by Pacific Bay, Deacon also sought damages from Pacific Bay arising from an "insured contract" as defined by the Navigators Policy.

12.     Pacific Bay timely tendered its defense ("Tender of Defense") of Deacon's claims in the Litigation to Navigators.

13.     Deacon also tendered its defense and indemnity to Navigators in its capacity as Pacific Bay's general liability insurer under both the "property damage" and "insured contract" coverages of the Navigators Policy.

14.     By letter dated August 15, 2018 (the "Denial Letter") Navigators denied any and all coverage obligations to Pacific Bay under the Navigators Policy. A true and accurate copy of that denial of coverage letter of August 15, 2018, is appended hereto as **Exhibit 2** and is incorporated herein by this reference.

15.     In the Denial Letter Navigators asserted, *inter alia*, that it had completed "an investigation of this matter."

16.     In the Denial Letter Navigators predicated its denial upon the assertion that "the allegations of 'property damage' is to 'your work' and 'your product'." Navigators further asserted that "the repair, replacement or removal of 'your work' and 'your product' is not covered under the policy."

---

[1] Pacific Bay alleges on information and belief that on or around October 1, 2019 Deacon Corp. converted to Deacon Builders, LLC.

17.     The foregoing statements in Navigators' Denial Letter are in part false, misleading, and, or, materially incomplete to the extent that they are either negligently or intentionally contrived to give the false appearance of a justifiable denial of both Navigators' duty to defend and its potential duty to indemnify.

18.     Contrary to the foregoing representations of Navigators, it is evident from the allegations of Deacon, alone and in conjunction with the facts available to Navigators in a reasonably prompt and thorough investigation, that there is potential indemnity coverage arising from the allegations of Deacon, and hence Navigators has a duty to defend Pacific Bay as a matter of law.

19.     Navigators' duty to defend is first evident by the fact that, as acknowledged expressly in writing by Navigators, the facts alleged in Deacons' Litigation trigger the possibility that Deacon, if successful in the Litigation, would prove potentially covered "property damage" constituting an "occurrence" within the policy period. In this regard Navigators concedes this material fact on the fifth page of the Denial Letter wherein it acknowledges:

> The allegations of the plaintiffs include "property damage" resulting from construction defects including work completed by you and/or your company which would constitute an "occurrence" within the policy period.

20.     Having expressly recognized the potential of "property damage" arising from an "occurrence" arising from Deacon's allegations in the Litigation, Navigators purports to "justify" its denial of the duty to defend by citing, and materially misrepresenting the import of, two exclusions in the Navigators Policy. As quoted by Navigators in its Denial Letter those exclusions state as follows:

> k.     Damage To Your Product
>
> "Property damage" to "your product" arising out of it or any part of it.
>
> l.     Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

21. As also quoted in the Denial Letter, the term "your product" is defined in the Navigators Policy as meaning any "(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by (a) You; (b) Others trading under your name; or (c) A person or organization whose business or assets you have acquired; and (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products. The "your product" exclusion contains additional language relating to "warranties or representations" as set forth in Exhibit 2.

22. As also quoted in Navigators Denial of the term "your work" is defined in the Navigators Policy as meaning "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations." This exclusion also includes language relating to "warranties or representations" as set forth in Exhibit 2.

23. In denying both the duties to defend and indemnify, Navigators misrepresents the scope of the "your product" and "your work" exclusions. In so doing, Navigators falsely claims that the certain prospective application of those exclusions is triggered if there is simply an allegation of "property damage" to the insured's "product" and/or to the insureds "work." In fact, neither exclusion is triggered by the simple fact that an allegation claims damage to the insured's "product" or its "work." Each exclusion requires as an additional condition precedent that the alleged damage to the "product" or the "work" "arises out of" either the "work" in the case of the "your work" exclusion, or the "product" in the case of the "your product" exclusion.

24. Thus if, as is the case here, it is possible that "property damage" to the insured's "work" or to the insured's "product" arises out of a causal source other than the "work" or "product," as the case may be, then the exclusion is not triggered.

25.    By representing that the exclusions are triggered solely by an allegation that there is damage either to the insured's "work" or the insured's "product," without simultaneously acknowledging that such damage is only excluded if the "property damage" "arises out of" either the "work" or the "product," Navigators has materially misrepresented the scope of the "your work" and "your product" exclusions to the manifest detriment of Pacific Bay.

26.    The foregoing misrepresentation also conceals from the insured that the mere fact that a third-party claimant such as Deacon might allege "property damage" to the insured's "product" or the insureds "work" does not mean that the "your product" and/or "your work" exclusions negate potential coverage for the separate and distinct "property damage" of "loss of use" of tangible property sustained by the third-party claimant or the underlying property owner. Even if the "your work" and/or "your product" exclusions are applicable to negate coverage for "physical injury to tangible property" constituting the "work" or "product" of the insured, if there is at least the "bare potential or possibility" of a "loss of use" of tangible property being incurred by the claimant that "loss of use" is not within the scope of the "your product" or "your work" exclusion and therefore does not negate Navigators' duties to defend.

27.    Another manner in which Navigators has misrepresented the scope of the "your work" and "your product" exclusions is by ignoring the fact that the exclusions are completely inapplicable if damage to the insured's "work" or the insured's "product" causes *consequential damage* to property other than just the insured's "work" or its "product." Where, as here, there is at least the "bare potential or possibility" that the insured's "work" or "product" may cause "property damage" to property other than the insured's "work" or "product," then the "your work" and "your product" exclusions do not negate either the duty to defend or the duty to indemnify.

28.    Another manner in which Navigators has misrepresented the scope of the "your work" and "your product" exclusions is by falsely suggesting that there is no potential coverage, and hence no duty to defend, if the damage to the insured's "work"

arises from the insured's "product," or if the damage to the insured's "product" arises out of the insureds "work." If damage to the insured's "work" could possibly arise out of the insured's "product," or if damage to the insured's "product" could possibly arise out of the insureds "work," then neither the "your work" nor "your product" exclusions apply.

29.    Navigators' Denial Letter further misrepresents the scope of coverage of the Navigators Policy by intentionally, or at minimum grossly negligently, failing to mention the potential coverage triggered for Pacific Bay under the "insured contract" coverage.

30.    As quoted above, the "insured contract" coverage is expressly intended to apply where, as here, an insured such as Pacific Bay has contractually agreed to defend and/or indemnify a third-party claimant such as Deacon for "tort liability of [that] party to pay for…"property damage" to a third person or organization." Deacon's Litigation against Pacific Bay plainly presents the possibility that the "insured contract" coverage will be triggered and hence compels the conclusion as a matter of law that Navigators has a duty to defend, and the potential duty to indemnify, Pacific Bay arising from those allegations of Deacon.

31.    The obviousness of the potential for coverage under the "insured contract" provision of the Navigators Policy underscores the egregiousness of Navigators' failure to even mention the "insured contract" coverage or the definition of "insured contract" in the Denial Letter. This egregiousness is underscored given that the Denial Letter expressly references the third-party demands for indemnity from Deacon which clearly and obviously triggered the potential for "insured contract" coverage.

32.    The only possible reasons for a claims adjuster, such as the author of the Denial Letter, not to have mentioned the obviously applicable potential for coverage arising out of the "insured contract" coverage would be either a conscious desire to materially mislead the insured into believing it is not entitled to a defense, or a grossly

negligent ignorance on the part of the claims adjuster of the meaning and import of the policy's "insured contract" coverage.

33.     Pacific Bay alleges on information and belief that whatever the reason for the failure of the Denial Letter to mention the "insured contract" coverage, it is a reflection of the fact that Navigators has a deliberately effectuated policy of not training its claims handling personnel at all with respect to the duty to defend-triggering implications of the "insured contract" coverage.

34.     Pacific Bay further alleges on information and belief that the same is true concerning Navigators' policy with respect to training its claims adjusters on the meaning and scope of the "your product" and "your work" exclusions. Pacific Bay is informed and believes that Navigators deliberately fails to train its claims handling personnel on the actual limited scope of those exclusions, consciously allowing or inducing its claims personnel to believe that those exclusions are triggered by a mere allegation of damage to the insured's "product" or the insured's "work," regardless of whether or not that alleged damage "arises out of" that "product" or "work."

35.     As a direct consequence of Navigators' wrongful denial of the duty to defend, Pacific Bay was compelled to engage counsel and defend itself against Deacon's Litigation.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief)
### (Against All Defendants)

36.     Pacific Bay hereby incorporates by reference each and every allegation set forth above as if fully set forth herein.

37.     There is an ongoing active and material dispute between the parties with respect to their respective rights and duties under the Navigators Policy.

38.     The parties are unable to resolve this dispute without intervention of this Court and therefore seek a declaration adjudicating their respective rights and duties.

39.     Pacific Bay contends, and Navigators disputes, that upon receipt of the Tender of Defense from Pacific Bay, Navigators then had an immediate duty to promptly and thoroughly investigate the Deacon Litigation and to immediately defend Pacific Bay against the claims of the Deacon.

40.     Pacific Bay further contends, and Navigators disputes, that Navigators failed to promptly and thoroughly investigate the Deacon Litigation against Pacific Bay.

41.     Pacific Bay further contends, and Navigators disputes, that had Navigators promptly, thoroughly and competently investigated the Deacon Litigation Navigators would have discovered that Deacon alleged facts constituting a potentially covered "occurrence," or potentially covered "occurrences" (as the term "occurrence" is defined in the Navigators Policy), giving rise to "property damage" as defined in the Navigators Policy.

42.     In this regard Deacon's alleged property damage included both aspects of "property damage" as defined in the Navigators Policy: to wit, both physical injury to, and loss of use of, tangible property.

43.     Pacific Bay contends, and Navigators disputes, that Pacific Bay is entitled to a declaratory judgment from this Court stating, *inter alia*:

a.      Had Navigators promptly and thoroughly investigated Pacific Bay's Tender of Defense of Deacon's Litigation, Navigators could and should have discovered that it was at least possible that Deacon, if successful in proving the allegations made in the Litigation, could have proved money damages against Pacific Bay for "property damage" to which the Navigators Policy applied;

b.      Upon receipt of the Tender of Defense Navigators owed Pacific Bay an immediate duty to defend Pacific Bay against the claims of the Deacon; and

c.      Navigators breached its duty to defend Pacific Bay.

1

2

3

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract)**

**(Against All Defendants)**

4      44.    Pacific Bay hereby incorporates by reference each and every allegation

5 set forth above as if fully set forth herein.

6      45.    Navigators breached its contract or contracts with Pacific Bay by, *inter*

7 *alia*: (1) failing to promptly and thoroughly investigate the Tender of Defense, (2)

8 failing to honor the duty to defend which arose immediately upon the receipt of the

9 Tender of Defense by Navigators, and (3) materially misrepresenting the terms of the

10 Navigators Policy in the Denial Letter.

11     46.    Navigators is liable to Pacific Bay for all damages proximately caused

12 by Navigators. These damages include but are not necessarily limited to: (1) the costs

13 of defense and attorney fees incurred by Pacific Bay to defend itself against the claims

14 of Deacon; (2) any settlement amount actually paid by Pacific Bay in partial or full

15 settlement of Deacon's claims; and (3) any amounts necessary to fully satisfy any

16 judgment against Pacific Bay and in favor of Deacon.

17

18

19

**THIRD CLAIM FOR RELIEF**

**(Tortious Breach of Contract)**

**(Against All Defendants)**

20      47.    Pacific Bay hereby incorporates by reference each and every allegation

21 set forth above as if fully set forth herein.

22      48.    In breaching the contract or contracts with Pacific Bay, Navigators acted

23 unreasonably and in bad faith by (1) negligently and/or intentionally attempting to

24 and actually misleading Pacific Bay into believing that the contentions of non-

25 coverage made in the Denial Letter were true and accurate reflections of the meaning

26 and effect of the terms of the Navigators Policy quoted in the Denial Letter; and (2)

27 denying Pacific Bay the benefits which it was entitled under the Navigators Policy.

28

49.    Contrary to the representations in the Denial Letter, Navigators either actually knew or should have known at the time the Denial Letter was written that the Denial Letter contained material misrepresentations of the meaning and effect of the Navigators Policy.

50.    Had Navigators made a good faith and truthful representation of the meaning and effect of the relevant terms of the Navigators Policy at the time it issued the Denial Letter, it would have acknowledged the immediate duty to defend Pacific Bay against the claims of the Deacon in the Litigation.

51.    Pacific Bay is informed and believes that the evidence elicited through the process of discovery will establish that Navigators either actually knew that it owed the duty to defend at the time it issued the Denial Letter, or that it was grossly negligent in issuing the Denial Letter, and did so for the contrived purpose of financially benefiting itself to the substantial detriment of Pacific Bay, all the while knowing that its course of action was wrongful and certain to substantially harm Pacific Bay.

52.    Based on the foregoing, Pacific Bay alleges that the issuance of the Denial Letter was a reflection of fraud, oppression and/or malice on the part of Navigators and that it should therefore be assessed with exemplary damages so as to both punish that misconduct and deter its recurrence in the future.

## FOURTH CLAIM FOR RELIEF

### (Violation of Business & Professions Code § 17200)

### (Against All Defendants)

53.    Pacific Bay hereby incorporates by reference each and every allegation set forth above as if fully set forth herein.

54.    The conduct of Navigators alleged herein constitutes illegal unfair and improper business practices constituting unfair competition in violation of California Business & Professions Code Section 17200 et seq. ("§ 17200").

55.   Pacific Bay is informed and believes that the misconduct alleged herein is systematic, frequent and regular, and reflects a consciously undertaken business practice designed to improperly financially benefit Navigators at the unjust expense of its insureds.

56.   Specific acts of misconduct include, but are not limited to, selectively quoting and or omitting language from relevant policy provisions in coverage denials, such as the Denial Letter herein, for the intended purpose of misleading the insured into believing that the denial of the duty to defend was justified, and deliberately failing to properly train claims handling staff so as to recognize the duty to defend in situations involving, *inter alia*, the "your work" and "your product" exclusions or the "insured contract" coverage.

57.   Pacific Bay seeks appropriate injunctive relief prohibiting Navigators from engaging in such unfair competition in the future, and mandating that Navigators undertake appropriate measures to properly train its claims handling staff to avoid in the future the misconduct alleged herein.

## **PRAYER FOR RELIEF**

Pacific Bay prays for relief as follows:

1.   On the first count for declaratory relief, for the entry of a declaratory judgment holding, *inter alia*, as follows:

    a.   Had Navigators promptly and thoroughly investigated Pacific Bay's Tender of Defense, Navigators would have discovered that it was at least possible that the Deacon, if successful in the Litigation, could have proved money damages against Pacific Bay for "property damage" to which the Navigators Policy applied;

    b.   Upon receipt of the Tender of Defense, Navigators owed Pacific Bay an immediate duty to defend Pacific Bay against the claims of Deacon in the Litigation;

    c.   Navigators breached its duty to defend Pacific Bay.

2.    On the second count for breach of contract, as follows:

    a.    For money damages in accordance with proof at trial;

    b.    For costs of suit incurred herein; and

    c.    For such other relief as the court may deem just and equitable.

3.    On the third count for tortious breach of contract, as follows:

    a.    For money damages in accordance with proof at trial;

    b.    For costs of suit incurred herein;

    c.    For an award of attorney fees pursuant to *Brandt v. Superior Court* 85) 37 Cal.3d 813;

    d.    For punitive damages in an amount determined by the finder of fact to serve the dual goals of punishment and deterrence.

4.    On the fourth count for unfair business practices, as follows:

    a.    For injunctive relief enjoining the performance of any proven unfair business practices in the future and mandating that Navigators properly train its claims handling personnel to recognize duty to defend implications as alleged hereinabove;

    b.    For any interlocutory and final orders necessary to effect full relief for the benefit of Pacific Bay and the general public;

    c.    For such other relief as the court deems just and equitable.

DATED:  October 20, 2020              BORCHARD & CALLAHAN, APC


By:      */s/ Michael G. Dawe*
             MICHAEL G. DAWE
             BRIAN D. CRONIN
             Attorneys for Vivian Schwartz and
             Lawrence Schwartz

## DEMAND FOR JURY TRIAL

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff Pacific Bay Masonry hereby asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues embodied in Plaintiffs' Complaint.

DATED:  October 20, 2020                    BORCHARD & CALLAHAN, APC


By:        */s/ Michael G. Dawe*
          MICHAEL G. DAWE
          BRIAN D. CRONIN
          Attorneys for Plaintiff

COMPLAINT